David PIERCY, Appellant,

v.

Robert F. PARRATT, Warden, Appellee.

No. 78–1241.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1978.

Decided June 28, 1978.

Rehearing Denied July 27, 1978.

Gordon P. Peterson, Lincoln, Neb., on brief for appellant.

Paul L. Douglas, Atty. Gen. and Paul W. Snyder, Asst. Atty. Gen., Lincoln, Neb., on brief for appellee.

Before MATTHES, Senior Circuit Judge, STEPHENSON and HENLEY, Circuit Judges.

MATTHES, Senior Circuit Judge.

This state prisoner action for federal habeas corpus is here by virtue of the certificate of probable cause issued by this court on April 3, 1978. The proceedings antedating the advent of the action in this court will be discussed to the extent essential to a proper understanding of the issue we are required to resolve.

The appellant, David Piercy, was convicted of burglary in a Nebraska state court on March 29, 1971, and was sentenced to imprisonment for a period of five years. In February, 1973, his appeal from the burglary conviction was dismissed by the Supreme Court of Nebraska for failure to file a brief.

In April, 1975, while on parole from the Nebraska Penal and Correctional Complex, appellant was arrested and placed in confinement in Douglas County, Nebraska, on charges of attempted burglary and possession of burglary tools. Pleading not guilty, his bail bond was fixed in the amount of $1,000. An attempt by appellant's employer to post bond for him failed, however, allegedly because the Nebraska Board of Parole had lodged a "parole violation hold" against appellant following his arrest. On August 11, 1975, appellant was convicted on both felony charges. On August 29, 1975, the Parole Board revoked appellant's parole.

In September of 1975, a state habeas corpus action filed by appellant in the District Court of Douglas County, Nebraska was dismissed for lack of proper venue. Appellant then filed a second application for state habeas corpus in the District Court of Lancaster County, Nebraska. The Nebraska Parole Board was the only party explicitly named as defendant in the petition. In that proceeding, appellant was represented by court-appointed counsel. The Lancaster County District Court dismissed the petition for failure to "state facts [or] parties upon which court may enter relief." *Piercy v. Nebraska Board of Parole,* No. 45–80 (Lanc.Co.Dist.Ct. Oct. 6, 1976) (order of dismissal) (emphasis supplied). Appellant perfected an appeal of the dismissal to the Supreme Court of Nebraska. In response, the Attorney General of Nebraska filed a motion for summary affirmance under Neb.Sup.Ct.R. 20–A(2) on the ground that the "questions presented for review are so unsubstantial as not to require argument." The Supreme Court of Nebraska sustained the motion and dismissed the appeal without argument or opinion.

Following the summary dismissal of his appeal, on April 5, 1977, appellant filed the present action in federal district court.[1] By order filed on September 30, 1977, counsel was appointed to represent appellant. In response to the petition, the Office of the Attorney General of Nebraska alleged that appellant "has not yet exhausted his state court remedies in as much as the highest court of the State of Nebraska has not addressed the merits of appellant's claims or allegations," and moved the federal district court to dismiss appellant's application for a writ of habeas corpus. On March 6, 1978, the district court filed a memorandum opinion and order dismissing the habeas petition for failure to exhaust state remedies. In its memorandum the district court stated in part:

The first problem is the fact that I do not know whether the action taken by the Supreme Court of Nebraska was on the merits or on the procedural issue of the absence of a proper party. As indicated in my initial order, Piercy did not name the warden of the Nebraska Penal and Correctional Complex in the state habeas corpus action. This fact alone may have prompted the summary affirmance by the Supreme Court of Nebraska. Everything has been done without explanation; I am unable to determine the reasons for the state courts' actions.

·   ·   ·   ·   ·

I believe it best to direct the petitioner back to the state courts. The petitioner has not convinced me that the state courts will not resolve the substantive issues when the correct parties are before them. In the absence of a clearer indication that state remedies are foreclosed, I shall not entertain this habeas corpus action. See *Smith v. Wolff,* 506 F.2d 556 (C.A. 8th Cir. 1974).

*Piercy v. Parratt,* No. CF 77–L–131, slip op. at 1–2 (D.Neb. March 6, 1978). On March 23, 1978, appellant's application for a certificate of probable cause was denied by the district court. As noted at the outset, this court granted the certificate of probable cause.

On the merits, appellant's present contentions are identical to those raised in his various attempts to gain relief in the Nebraska state courts. He asserts that his right to bail was effectively denied by virtue of the "parole violation hold" lodged against him by the Nebraska Parole Board. He also alleges that the Nebraska Parole Board's four-month delay in granting him a parole revocation hearing violated his right to a hearing within thirty days as secured by Neb.Rev.Stat. §§ 83–1,119(3)–120. More importantly, appellant contends that the Board unconstitutionally failed to hold a

---

1. Two previous petitions for federal habeas corpus brought by petitioner were dismissed for failure to exhaust state remedies.

   Petitioner has also filed a civil rights action for damages and injunctive relief in federal court based on the same series of events at issue here. That action, though still pending, cannot affect the determination of petitioner's right to federal habeas corpus. *See Hartmann v. Scott,* 488 F.2d 1215, 1223 (8th Cir. 1973).

parole revocation hearing within a reasonable time as mandated by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We are required to resolve whether the federal district court should exercise its jurisdiction and entertain appellant's claims.

As the Supreme Court has noted:

The exhaustion-of-state-remedies doctrine . . . reflects a policy of federal-state comity, . . . "an accommodation of our federal system designed to give the State the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." . . . It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied.

*Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (citations and footnote omitted).

Viewed realistically, appellant's pleadings in the Lancaster County District Court and his brief before the Supreme Court of Nebraska adequately set forth his federal claims. But his petition was procedurally flawed because he failed to name his custodian, the Warden of the Nebraska Penal and Correctional Complex, as a defendant. The state trial court rested its dismissal of appellant's action on this procedural defect as well as on a failure to state facts upon which relief could be granted. Thus, the trial court apparently relied on both procedural and substantive grounds as alternative bases for the dismissal. The failure of the Supreme Court of Nebraska to specify in its summary affirmance whether the substantive or the procedural ground was determinative has not aided the prompt resolution of this matter. As noted above, the federal district court candidly observed: "I do not know whether the action taken by the Supreme Court of Nebraska was on the merits or on the procedural issue of the absence of a proper party . . . . Everything has been done without explanation; I am unable to determine the reason for the state court's actions." *Piercy v. Parratt,* No. CF 77–L–131, slip. op. at 1 (D.Neb. March 6, 1978).

Appellant vigorously contends in his brief that we should apply the rule promulgated in *Harris v. Superior Court,* 500 F.2d 1124 (9th Cir. 1974) (*en banc*) and espouses adoption of the *Harris* rationale as the policy of this Court. In *Harris* the California Supreme Court dismissed two original habeas corpus petitions without opinion or citation. As a result it was unclear whether the California Supreme Court's action was on substantive or procedural grounds. Noting that "no interest of comity is served by burdening the state and federal courts with repetitious applications for habeas corpus 'in the guise of requiring petitioners to exhaust state remedies,'" *id.* at 1127, the Ninth Circuit held that "[w]hen the California Supreme Court denies a habeas corpus petition without opinion or citation, or when it otherwise decides on the merits of the petition, the exhaustion requirement is satisfied." *Id.* at 1128–29 (citations omitted).

We decline to apply *Harris* to this appeal because, as noted below, here we have an on-going controversy in the Nebraska courts. Neither are we inclined to adopt the ultimate holding in *Harris* as a *per se* rule in all state prisoner habeas proceedings dismissed without opinion which reach the federal courts. As in the past, we will determine the exhaustion issue on an ad hoc basis.

Without question, the better practice is for the state courts to clearly indicate the grounds on which they deny post-conviction relief. Had the Supreme Court of Nebraska been only slightly less summary in its action a substantial economy of judicial resources could have been effected. Moreover, although appellant's claims, if proved, may well entitle him to relief, he has been shuttled from forum to forum for nearly three years and has yet to obtain a hearing on the merits. The confusion generated by appellant's omission of his custodian as a party undoubtedly contributed to his dilemma, but it cannot be gainsaid that far too much of the delay in this case must be attributed to the practice of the Nebraska

courts of dismissing state habeas petitions without explicitly stating whether the disposition is on substantive or procedural grounds. In our view, this case approaches the "limits to the sacrifices men must make upon the altar of comity." *United States v. Dros,* 260 F.Supp. 13, 16 (S.D.N.Y.1966).

It appears, however, that appellant, undaunted after the district court dismissed his petition for federal habeas corpus, has once again filed *pro se* for state habeas corpus on the same grounds alleged here. The District Court of Lancaster County dismissed this latest action for failure to state a claim upon which relief could be granted, and an appeal of that dismissal is now pending before the Supreme Court of Nebraska. *Piercy v. Parratt,* No. 317–180 (Lanc.Co. Dist.Ct. April 7, 1978), *appeal docketed,* No. 42093 (Neb.Sup.Ct. April 28, 1978). If appellant gains the relief he seeks in the state courts, the present controversy will be moot. *See Davidson v. Klinger,* 411 F.2d 746 (9th Cir. 1969) (per curiam).

Given the unique and sensitive posture of this case, we agree with the decision of the federal district court to stay its hand. We deem it appropriate, however, for the district court to retain jurisdiction pending the outcome of appellant's present state court action. If the Nebraska state courts deny appellant the relief he seeks or fail to rule definitively on the merits of his claims within ninety days from the issuance of this court's mandate, the federal district court shall proceed to consider his petition and appropriately dispose of the matter.

Affirmed, as modified, and remanded.