**UNITED STATES of America, ex rel.
David F. DIAMOND, Petitioner,**

**v.**

**Donald WYRICK, Warden, Missouri
State Penitentiary, and John Ashcroft,
Attorney General of Missouri, Respondents.**

No. 83–2379C(4).

United States District Court,
E.D. Missouri, E.D.

Feb. 1, 1984.

Lawrence J. Fleming, Clayton, Mo., for petitioner.

Melinda Corbin, Jefferson City, Mo., for respondents.

MEMORANDUM AND ORDER

CAHILL, District Judge.

In this petition for a writ of habeas corpus, petitioner raises two grounds for relief. First petitioner alleges that he was denied a fair trial. Second, petitioner asserts that his right to compulsory process of witnesses guaranteed to him by the Fifth, Sixth, and Fourteenth Amendments was violated. Both of these claims arise from the trial court's exclusion of witnesses who, according to petitioner, would have established his alibi defense. Because the petitioner has failed to exhaust his state remedies on the claims he now raises in his federal habeas corpus petition, his petition for a writ of habeas corpus must be dismissed.

■ To satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) (1976), a federal habeas corpus petitioner must show that either: (1) he has no presently available non-futile state remedies to pursue, or (2) he has fairly presented the substance of all the federal claims contained in his habeas corpus petition to the state courts as federal constitutional issues. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Moore v. Wyrick*, 668 F.2d 1007, 1009 (8th Cir.1982). The petitioner has met neither requirement in this case.

■ Under Missouri law, the petitioner still has postconviction remedies available to him in the Missouri courts. Missouri Supreme Court Rule 27.26(b)(3) provides convicted defendants with an avenue for postconviction relief from trial errors affecting constitutional rights, even though the error could have been raised on the direct appeal of the defendant's conviction. No showing has been made that it would be futile for the petitioner to pursue this remedy now. The petitioner thus has failed to exhaust his available state remedies as required by 28 U.S.C. § 2254. *Thomas v. Wyrick*, 622 F.2d 411, 414 (8th Cir.1980); *Gregg v. Wyrick*, 449 F.Supp. 969, 971–72 (W.D.Mo.1978).

■ The Court must next determine whether petitioner fairly presented the state courts with an opportunity to pass upon the federal constitutional grounds of his claims. The Court reviewed petitioner's trial transcript and his brief to the Missouri Court of Appeals, as well as the Missouri Court of Appeals' opinion affirming petitioner's conviction. Nowhere in these materials did petitioner make a discernible reference to the federal constitution or cite a state or federal case which addressed the federal constitutional dimensions of petitioner's federal habeas corpus claims. Therefore, petitioner did not fairly present his federal claims to the state trial court or to the Missouri Court of Appeals. *See Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Nelson v. Solem*, 714 F.2d 57, 59–60 (8th Cir.1983). The petitioner's application for transfer to the Missouri Supreme Court, however, cited the federal constitutional provisions upon which his present federal habeas corpus claims are based. Generally, an explicit reference to the federal constitution is all that is required to present a federal constitutional claim to the state courts. *See Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Nelson v. Solem*, 714 F.2d at 59–60. But in this case, petitioner did not properly present the federal constitutional arguments to the Missouri Supreme Court for its consideration. The petitioner failed to raise his federal constitutional claims in any of his appearances before the lower state courts. Missouri courts require that constitutional issues be raised at the earliest opportunity and that they be preserved throughout the appellate process. *St. Louis Teachers Ass'n. v. Bd. of Educ.*, 456 S.W.2d 16, 18 (Mo.1970) (citing Mo.S.Ct.R. 83.05); *cf. Christiansen v. Fulton State Hospital*, 536 S.W.2d 159, 160 (Mo.1976) (en banc). The Missouri Supreme Court denied petitioner's motion to transfer without a statement of its reasons for the denial. Thus, it is uncertain whether the Missouri Supreme Court passed on the merits of petitioner's federal constitutional arguments as an exercise of its discretion, or whether it simply denied the motion on procedural grounds because the federal constitutional claims were not properly presented and preserved in the lower courts. Under the particular circumstances of this case, it is probable that the Missouri Supreme Court denied the petitioner's application for transfer on procedural grounds. Therefore, under the holding of *Piercy v. Parratt*, 579 F.2d 470 (8th Cir.1978), the petitioner has failed to fairly present his federal constitutional claims to the Missouri state courts. *See also Green v. Wyrick*, 414 F.Supp. 343 (W.D.Mo.1976), *aff'd* 542 F.2d 1178 (8th Cir.1976). Accordingly,

IT IS HEREBY ORDERED that petitioner's petition for a writ of habeas corpus is DISMISSED.