**Isidoro CRUZ–SANCHEZ, Petitioner, Appellant,**

v.

**Benito RIVERA CORDERO, Respondent, Appellee.**

No. 83–1674.

United States Court of Appeals, First Circuit.

Argued Feb. 9, 1984.

Decided March 9, 1984.

Jose E. Gonzalez Borgos, San Juan, P.R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P.R., was on brief, for petitioner, appellant.

Lourdes del C. Rodriguez, Asst. Sol. Gen., with whom Miguel Pagan, Deputy Sol. Gen., Dept. of Justice, San Juan, P.R., was on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

Cruz Sanchez filed a habeas corpus petition in federal district court challenging his Commonwealth court rape conviction. The petition in part was based upon a claim that the Commonwealth violated the federal Constitution in failing to give him a new trial once he produced new evidence that the rape victim had lied on a collateral matter at trial. (The collateral matter consisted of her statement that she was not pregnant; the new evidence was the birth of a child a few months later; the relevance was to show her bad character.) Without deciding whether this claim has any constitutional merit, the district court dismissed the petition because Cruz Sanchez had not exhausted his state remedies as to the claim before coming to federal court. 28 U.S.C. § 2254; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489–91, 93 S.Ct. 1123, 1126–27, 35 L.Ed.2d 443 (1973).

Cruz Sanchez argues that he did exhaust remedies. He points to a *pro se* motion under Puerto Rico R.Crim.P. 192.1 that he filed with the Commonwealth Supreme

* Of the Fifth Circuit, sitting by designation.

Court raising the question soon after he discovered the new evidence. The Commonwealth Supreme Court dismissed the motion, but we cannot take that dismissal as a sign that it considered, and rejected, petitioner's argument. Rule 192.1 requires that such motions be filed in the first instance with the trial court, not the Supreme Court. There is no reason to believe the dismissal represented anything other than a determination that Cruz Sanchez was in the wrong court. And, the fact that Cruz Sanchez subsequently filed the same motion with the trial court, which subsequently considered (and rejected) it on the merits, shows that both he and the trial court reasoned similarly.

██ Cruz Sanchez argues that he presented the issue again to the Supreme Court after the trial court rejected his motion for a new trial on the merits. But, Cruz Sanchez did not appeal to the Supreme Court from that rejection. Rather, the trial court, while rejecting his request for a new trial, reduced his sentence. It was the *Commonwealth* that appealed to the Supreme Court from that reduction. Cruz Sanchez points out that when opposing the Commonwealth in the Supreme Court, he spoke of the new evidence; he even attached his trial court brief as an appendix to his brief in the Supreme Court. But, he did not ask the Supreme Court to decide the "new trial" question, nor did he present to it any question of federal constitutional law. The Commonwealth Supreme Court has broad authority to decide issues that a record reveals, even though they are not specifically argued. 4 L.P.R.A. § 36; P.R. Supreme Court R. 50, 4 L.P.R.A. App. I–A. But, the constitutional issue here raised is not so obvious that it would cry out for recognition from the appendix. Under these circumstances, we believe the Commonwealth Supreme Court has not had an opportunity to pass upon the issue. *See Dougan v. Ponte,* 727 F.2d 199 (1st Cir. 1984); *Williams v. Holbrook,* 691 F.2d 3, 9 (1st Cir.1982). It is not too late for Cruz Sanchez to seek Supreme Court review of the trial court's rejection of his "new trial" argument. There is no reason to believe that efforts to seek such review would be futile, *i.e.,* that seeking review in the Commonwealth court would be "ineffective" as a method for obtaining fair consideration of the merits of his claim. 28 U.S.C. § 2254(b). Under these circumstances, Cruz Sanchez must comply with the statute's exhaustion requirements.

Cruz Sanchez makes two other arguments. First, he claims that the case of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), should not be applied retroactively; hence it does not require dismissal of his petition. *Rose v. Lundy* may be beside the point, however, for the Supreme Court in that case held that a federal habeas court cannot consider an *"exhausted"* claim that is "mixed" in the petition with an "unexhausted" claim; in this case the petitioner evidently seeks consideration of a claim that has not been exhausted. Regardless, *Rose v. Lundy* was decided before the district court dismissed this petition. We have found no authority suggesting, or reason to believe, that *Rose v. Lundy* does not apply to petitions pending in district courts when it was decided. Our case of *Niziolek v. Ashe,* 694 F.2d 282 (1st Cir. 1982), held that *Rose v. Lundy* did not necessarily apply to a case that the district court decided *before Rose*—this case is one that the district court decided *after Rose.*

██ Second, Cruz Sanchez argues that the "law of the case" requires reversal. He points to the fact that a magistrate and a different district judge had previously denied a Commonwealth motion to dismiss his petition. The "law of the case" doctrine does not prevent a court from changing its mind, however, when presented with additional arguments and facts. *Acton Corp. v. Borden, Inc.,* 670 F.2d 377, 379 n. 2 (1st Cir.1982).

The judgment of the district court is

*Affirmed.*