757 F.2d 192
 David Franklin DIAMOND, Appellant,
v.
Donald WYRICK, Warden, and John Ashcroft, Appellees.
UNITED STATES of America, ex rel. Mark CLARK,
v.
Donald WYRICK, Warden, Missouri State Penitentiary and John
Ashcroft, Attorney General of Missouri, Appellees.
 Nos. 84-1395, 84-1527.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 31, 1984.
Decided March 13, 1985.
 
 Lawrence J. Fleming, Clayton, Mo., for appellant D. Diamond.
 Clyde E. Craig, St. Louis, Mo., for Mark Clark.
 Melinda Corbin, Jefferson City, Mo., for appellees.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these separate cases which were consolidated on appeal due to the presence of similar issues of law, Clark and Diamond appeal from the district courts' dismissals of their habeas corpus petitions under 28 U.S.C. Sec. 2254 for failure to exhaust state remedies. 581 F.Supp. 881. Having carefully reviewed the records in both cases, we affirm both dismissals.
 
 
 2
 I. Clark v. Wyrick.
 
 
 3
 Mark Clark, an inmate at the Missouri State Penitentiary, was charged with capital murder but was ultimately convicted of second degree murder under the felony murder rule. On direct appeal, a panel of the Missouri Supreme Court reversed on the ground that, because second degree felony murder is not a lesser included charge in capital murder, Clark had not properly been apprised of the charge for which he was convicted. In rehearing the case en banc, however, that Court affirmed the trial court's verdict, reasoning that second degree felony murder is not a separate offense because the felony murder is simply an alternate means of proving the requisite mental state of the crime. State v. Clark, 652 S.W.2d 123, 128 (Mo.1983) (en banc). That court subsequently dismissed Clark's pro se motion for rehearing.
 
 
 4
 In his habeas corpus petition before the district court, Clark raised several arguments, two of which he appeals. First, he alleges that the district court erred in finding that he withdrew a claim regarding improper cross-examination at trial; second, he claims that the district court erred in finding that he failed to exhaust his state remedies regarding his equal protection claim. Because we believe the latter claim to be unexhausted, we need not consider the former. See Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982); Snethen v. Nix, 736 F.2d 1241, 1244, 1246 (8th Cir.1984) (mixed petitions are subject to dismissal).
 
 
 5
 In his equal protection claim, Clark alleges that his right to equal protection was violated by the conflicting opinions of the Missouri courts regarding whether felony murder is a lesser included offense of capital murder. We agree with the district court that the courts of Missouri have not had an opportunity to rule on Clark's claim in the case at bar. The objection at trial and the discussion in the panel opinion to which Clark directs our attention are far too general to be regarded as having raised this equal protection claim. Clark relied on no federal cases nor did he cite state cases that employ a federal constitutional analysis. In addition, the underlying facts do not necessarily implicate the equal protection clause nor does the argument fall within the mainstream of constitutional litigation. Nelson v. Solem, 714 F.2d 57, 60 (8th Cir.1983).
 
 
 6
 Even if we were to liberally construe Clark's motion for rehearing (which discussed the matter solely in due process terms), we must conclude that the matter was not properly before the state courts. The Missouri Supreme Court rules provide that "[t]he sole purpose of a motion for rehearing is to call attention to material matters of law or fact overlooked or misinterpreted by the court." Mo.Sup.Ct.R. 84.17. Because Clark's equal protection claim was not raised until he filed his motion for rehearing, it could not previously have been overlooked by the court and was not a proper matter for a rehearing motion. Accordingly, Clark may return to the state courts to exhaust his constitutional claim pursuant to Mo.Sup.Ct.R. 27.26.
 
 
 7
 II. Diamond v. Wyrick.
 
 
 8
 David Franklin Diamond was convicted of stealing a truck and was sentenced to fifteen years imprisonment. When Diamond was charged with the crime, the state requested that he disclose any intention to rely on alibi witnesses. Diamond's attorney died without having filed a response, and a month before trial (during which time Diamond had engaged another attorney), the state filed another Request for Disclosure. The parties dispute the date on which Diamond responded to the motion, but the trial court sustained the state's motion to strike the defense as not timely made. Subsequently, the trial court clarified its ruling: only the witnesses were stricken, not the defense itself. Thus, although some of the witnesses were allowed to testify, they were restricted to discussing non-alibi matters. Although Diamond's attorney made no offer of proof, it is evident from the record that the parties understood that the alibi witnesses would place Diamond at a gas station remote from the scene of the crime.
 
 
 9
 Diamond moved for a new trial, which was denied. He then took a direct appeal to the Missouri Court of Appeals; that court affirmed the decision of the trial court on the ground that Diamond failed to make an offer of proof. State v. Diamond, 647 S.W.2d 806, 808 (Mo.App.1982). Diamond subsequently made a motion for rehearing or alternatively for transfer to the Missouri Supreme Court, which was denied without comment. Finally, Diamond made an Application for Transfer in the Missouri Supreme Court which was also denied without comment.
 
 
 10
 In his habeas corpus petition, Diamond argues that he was denied a fair trial and that the trial court denied his right to compulsory process under the fifth, sixth and fourteenth amendments. He suggests that, because he framed the argument in constitutional terms in his Application for Transfer in the Missouri Supreme Court, the state courts were presented with a full and fair opportunity to consider his claim. We disagree.
 
 
 11
 This Court has previously declined to find a claim exhausted where the state appellate court has denied the motion for transfer without elaborating its reason for decision. Piercy v. Parratt, 579 F.2d 470, 472 (8th Cir.1978). Without greater specificity from the state court, we cannot know whether that court evaluated the merits of the claim or whether it denied the motion on purely procedural grounds. Accordingly, we conclude that petitioner has not exhausted his state remedies.
 
 
 12
 We note however that he may still pursue his post-conviction remedies in the Missouri courts pursuant to Missouri Supreme Court Rule 27.26.
 
 
 13
 Accordingly, the judgments of the district courts are affirmed.