**Mancil WALLACE, Petitioner-Appellant,**

v.

**Jack DUCKWORTH and Indiana Attorney General, Respondents-Appellees.**

No. 85–1247.

United States Court of Appeals, Seventh Circuit.*

Submitted Oct. 16, 1985.

Decided Nov. 19, 1985.

---

3. The Union was certified in August 1981 as the unit employees' collective bargaining representative.

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Petitioner-appellant has filed such a statement and requested

oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Mancil Wallace, pro se.

Robert B. Wente, Deputy Atty. Gen., Indianapolis, Ind., for respondents-appellees.

Before BAUER, POSNER and FLAUM, Circuit Judges.

PER CURIAM.

Petitioner, Mancil Wallace, an inmate incarcerated at the Indiana State Prison in Michigan City, Indiana, petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the Northern District of Indiana. Chief Judge Sharp dismissed that petition because of petitioner's failure to exhaust his state court remedies as required by 28 U.S.C. § 2254(b). For the reasons given below, we affirm.

I. *Procedural Background*

The only issue presented to this court is whether petitioner exhausted his state court remedies as required by § 2254(b). In reaching a decision it is unnecessary to detail either the facts of the underlying conviction or the substantive legal issues involved. It is necessary, however, to describe the various procedural means petitioner has employed in seeking to have the Fourth Amendment issue raised here presented in state court.

Petitioner was convicted in a state court (jury) trial of the crimes of rape while armed with a deadly weapon and being a habitual offender and received a determinate sentence of 65 years. Petitioner was represented by counsel at trial, and a public defender was appointed to represent him for his direct appeal, of right, to the Indiana Supreme Court. The substantive issue raised in the instant habeas corpus petition concerns the admission of evidence which was allegedly procured improperly as the result of an arrest and search violating the Fourth Amendment.

Petitioner was sentenced on September 24, 1981. On November 23, 1981, petitioner, by his attorney, filed a motion to correct error with the trial court, which begins the appeal process in criminal cases in Indiana. Petitioner raised four issues, none of which was the Fourth Amendment issue he raises in his habeas petition. On December 17, 1981, the trial court denied this motion. A praecipe for record of proceedings was filed on January 14, 1982 and, after getting an extension of time, the record of proceedings was filed with the Indiana Supreme Court on July 19, 1982.

Petitioner and his appellate attorney apparently disagreed as to the issues to be appealed. On February 8, 1982, petitioner filed, *pro se*, a "Belated Motion to Correct Errors" in the Elkhart County Superior Court, which was the court in which he was convicted. Petitioner filed this motion under Indiana Post-Conviction Remedy (P.C.R.) Rule 2 and raised the Fourth Amendment issue. This motion was denied on February 10, 1982 and ordered stricken from the record.

On December 20, 1982, petitioner filed a *pro se* "Petition for Writ of Habeas Corpus" with the LaPorte County Circuit Court, the jurisdiction in which he was incarcerated. Petitioner again raised the Fourth Amendment issue. The court denied the writ on the same day.

On May 20, 1983, petitioner filed a *pro se* "Belated Motion to Correct Errors," under P.C.R. Rule 2, with the Indiana Supreme Court. Petitioner raised nine issues, including the Fourth Amendment issue. Petitioner filed an accompanying Memorandum of Law in which he argued the Fourth Amendment issue among others. Petitioner received a letter, dated June 13, 1983, from the Clerk of the Indiana Supreme Court stating this motion had not yet been ruled on, but that petitioner would be notified when a ruling "comes down."

Petitioner's attorney filed a brief with the Indiana Supreme Court addressing only the four issues raised in the original motion to correct error. The prosecution's brief has not been made available to this court. Since neither side has stated otherwise, we assume that the prosecution did not brief the Fourth Amendment issue for the Indiana Supreme Court. We also assume (for nothing in the record indicates otherwise) that the Fourth Amendment issue was not raised in oral arguments before the Indiana Supreme Court. On September 20, 1983, the Indiana Supreme Court unanimously affirmed petitioner's conviction. No mention was made of any issues other than the four raised in the original motion to correct error. *See Wallace v. State,* 453 N.E.2d 245 (Ind.1983). Petitioner filed a *pro se* motion for rehearing in which he urged the court to consider the "fundamental" issues contained in his belated motion, including the Fourth Amendment issue. This motion was denied, without opinion, on November 16, 1983. On May 18, 1984, petitioner filed his petition for writ of habeas corpus in federal district court.

## II. *Questions Presented*

Petitioner contends that he exhausted his state remedies on the Fourth Amendment issue by filing the Belated Motion to Correct Errors with the Indiana Supreme Court. Respondents contend, and the district court so held, that petitioner followed improper procedure by filing under P.C.R. Rule 2 while the appeal was pending. Instead, petitioner should have waited until after the Indiana Supreme Court issued its decision and then he should have filed a motion with the trial court under P.C.R. Rule 1. Since petitioner could file under P.C.R. Rule 1 at the time the federal habeas petition was filed, respondents contend that petitioner's remedies were not exhausted.

While it is uncontrovertible that a state prisoner must exhaust his state remedies before he can petition for a writ of habeas corpus in federal court, *see* 28 U.S.C. § 2254(b); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), providing the highest court in the state one fair opportunity to correct any alleged constitutional errors by the trial court satisfies the exhaustion requirement. *See id.* at 275, 92 S.Ct. at 512; *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Toney v. Franzen,* 687 F.2d 1016, 1021 (7th Cir. 1982); *United States ex rel. Sullivan v. Fairman,* 731 F.2d 450, 453 (7th Cir.1984); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir.), *aff'd on rehearing,* 691 F.2d 677 (5th Cir.1982), *cert. denied,* 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). There is no requirement that a party make repetitious applications for relief to the same court. *See Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971) (per curiam). Thus the exhaustion requirement can be met by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court.

Framed most simply, the exhaustion issue in this case consists of two questions. (1) Did petitioner provide the Indiana Supreme Court with a fair opportunity to consider the Fourth Amendment issue? (2) As of the time petitioner filed his writ in federal court, did he lack any available means of having his convictions reviewed in Indiana Court by raising the Fourth Amendment issue? If the answer to either question is yes, then petitioner fulfilled the exhaustion requirement.[1]

---

**1.** In *Stone v. Powell,* the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976). However, before we need decide if petitioner had a full and fair opportunity to raise his Fourth Amendment claim in state court, we must first decide if he exhausted his state remedies. *See, e.g., Lenza v. Wyrick,* 665 F.2d 804, 807–09 (8th Cir.1981). Since we hold that petitioner did not exhaust his remedies, we need

## III. *Fair Opportunity*

We will first consider if the Indiana Supreme Court had a fair opportunity to consider the Fourth Amendment issue. In answering that question, we must initially consider Indiana appellate procedure and the circumstances of this particular case.

In order to appeal a criminal conviction in Indiana, the defendant must file a motion to correct error in the trial court within sixty days after the defendant is sentenced. Ind.Crim.Rule 16. The motion to correct error must include all errors that the defendant wants to preserve for appeal. If the trial court denies the motion, the defendant must initiate the appeal within thirty days by filing a praecipe with the clerk of the trial court requesting a record be prepared for appeal. Ind.Crim.Rule 19. The appeal is perfected by filing the record with the appellate court[2] within ninety days. *Id.* On appeal, the appellate court is not required to consider an alleged error unless it was included in the defendant's motion to correct error. *See Brumfield v. State,* 442 N.E.2d 973, 974 (Ind.1982). However, the Indiana Supreme Court will consider issues not raised in the motion to correct error if the error was fundamental and a gross mistake, *see Young v. State,* 249 Ind. 286, 289, 231 N.E.2d 797, 799 (1967), or a denial of fundamental due process, *see Webb v. State,* 259 Ind. 101, 106–07, 284 N.E.2d 812, 814–15 (1972).

Indiana also provides means for appealing a conviction when (a) new issues are discovered after the defendant's appellate rights have been exhausted, *see* P.C.R. Rule 1, or (b) defendant failed to meet the time limits for filing a motion to correct error or for taking an appeal. *See* P.C.R. Rule 2. (The pertinent provisions of the P.C.R. Rules are set out in the margin.)[3]

not decide if *Stone v. Powell* would have precluded further consideration of his Fourth Amendment claim. Moreover, respondents never raised any *Stone v. Powell* argument, and since the rule of *Stone v. Powell* is not a jurisdictional rule, *id.* at 495, n. 37, 96 S.Ct. at 3052, n. 37, we need not raise the issue *sua sponte.*

2. In Indiana, a defendant has an absolute right to one appeal of his or her criminal conviction. Ind. Const., Art. 7, § 6. In a case such as the present one, where the sentence is greater than ten years, the appeal goes directly to the Indiana Supreme Court. Ind.App.Rule 4(A)(7).

3. *Indiana Post-Conviction Remedy Rule 1*
§ 1 (a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
(1) That the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;
. . .
may institute at any time a proceeding under this Rule to secure relief.
(b) This remedy is not a substitute for a direct appeal from the conviction and all available steps including those under Rule PC 2 should be taken to perfect such an appeal. Except as otherwise provided in this Rule, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them. . . .
(c) This Rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule. . . .
§ 7 An appeal may be taken by the petitioner or the State from the final judgment in this proceeding, under rules applicable to civil actions. . . .
§ 8 All grounds for relief available to a petitioner under this Rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or
in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.
*Indiana Post-Conviction Remedy Rule 2*
§ 1 Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:
(a) No timely and adequate motion to correct error was filed for the defendant;
(b) The failure to file a timely motion to correct error was not due to the fault of the defendant; and
(c) The defendant has been diligent in requesting permission to file a belated motion to correct error under this Rule.
The trial court shall not consider the merits of the motion, but shall determine whether

Indiana also has a court-made rule for raising new issues while an appeal is pending. *See Davis v. State,* 267 Ind. 152, 157, 368 N.E.2d 1149, 1151 (1977); *Coulson v. Indiana & Michigan Electric Co.,* 471 N.E.2d 278, 279 (Ind.1984). As we shall see, *infra* at 11, petitioner did not satisfy the requirements established in *Davis.*

In seeking to raise his Fourth Amendment issue in state court, petitioner failed to follow proper procedures when he filed his three *pro se* petitions. We will discuss each of these petitions one by one, but it should first be emphasized that petitioner's public defender properly and timely filed a motion to correct error before petitioner filed any of his *pro se* petitions. In addition, the public defender perfected the appeal in a proper and timely manner.

■ Petitioner filed his first belated motion to correct error after his attorney had filed the praecipe, but before the record of proceedings had been filed with the Supreme Court. Petitioner argues in his reply brief that the Elkhart Superior Court still had jurisdiction when he filed his belated motion. Though the petitioner is correct regarding the Superior Court's jurisdiction,[4] that argument is not on point. Even if the Superior Court had jurisdiction, a trial court motion under P.C.R. Rule 2 is only proper if no timely and adequate motion to correct error was filed. P.C.R. Rule 2 § 1(a). Since a timely and adequate motion to correct error had been filed, the Superior Court correctly denied petitioner's motion. Petitioner's apparent response to this analysis is that his attorney never perfected an appeal because he took more than the allowable ninety days, *see* Ind.Crim. Rule 19, to file the record of proceedings with the Supreme Court. However, it ap-

pears in the record that the attorney had received an extension of time for filing the record of proceedings. Even if no extension had been granted, the proper procedure to follow when a motion to correct error has been filed, but an appeal has not been timely perfected, is to file a petition with the *appellate* court under P.C.R. Rule 2 § 2.

■ Petitioner's second attempt to raise the Fourth Amendment issue was the habeas corpus petition filed with the LaPorte County Circuit Court. Under P.C.R. Rule 1 § 1(c), a writ of habeas corpus attacking the validity of a conviction is to be transferred from the court having jurisdiction over the person to the court where the petitioner was convicted or sentenced and it is to be treated as a motion under P.C.R. Rule 1. Thus, petitioner's writ filed with the LaPorte County Circuit Court could have been transferred to the Elkhart Superior Court. However, at the time the writ was filed the Indiana Supreme Court had jurisdiction over the appeal. Thus a P.C.R. motion to the trial court would not have been proper. The only open avenue for petitioner would have been the procedure outlined in *Davis v. State,* 267 Ind. at 157, 368 N.E.2d at 1151, which must be begun in the appellate tribunal. For this reason, the Circuit Court properly dismissed the writ.

The previous discussion shows that the Elkhart and LaPorte courts correctly denied petitioner's motion and writ. Although petitioner did not attempt to perfect appeals of these denials, he did file copies of the motions with the Indiana Supreme Court. Even if such a procedure were to be interpreted as an appeal of the denials, which is unlikely, the Supreme Court would not have had to deal with the merits of the

---

there are grounds for allowing the belated motion to correct error to be filed. Any hearing on the petition shall be conducted according to Sec. 5, Rule PC I. . . .

§ 2 Any defendant convicted after a trial may petition the appellate tribunal having jurisdiction by reason of the sentence imposed for permission to file a belated appeal where: (a) He filed a motion to correct error which was overruled;

(b) No appeal was perfected for the defendant;
(c) The failure to perfect the appeal was not due to the fault of the defendant; and
(d) The defendant has been diligent in requesting permission to file a belated appeal.

4. In Indiana an appellate court does not take jurisdiction until the record of proceedings is filed with it. *See Coulson v. Indiana & Michigan Electric Co.,* 471 N.E.2d at 279.

Fourth Amendment issue. It could have affirmed on the procedural grounds just discussed.

Petitioner also filed a belated motion to correct error with the Indiana Supreme Court. In that motion, petitioner raised and argued the Fourth Amendment issue. (He also attached copies of his two lower court motions.) Had the belated motion been both properly filed and a means for raising the merits of the issue, it would be clear that the Supreme Court had a fair opportunity to consider the Fourth Amendment issue. However, petitioner again failed to follow proper procedure.

A belated motion in the appellate court under P.C.R. Rule 2 § 2 is only proper when an appeal has not been perfected. *Id.* § 2(b). However, as discussed above, defendant's attorney had already perfected the appeal. Moreover, it must be noted that a Rule 2 motion is only a motion asking the court's permission to file an appeal despite procedural defaults. A Rule 2 motion is not a motion on the merits underlying the appeal.

Indiana does have a procedure whereby new issues may be raised in a P.C.R. Rule 1 proceeding even though a motion to correct error has been filed and the appeal is pending.

We hold that where an appellant from a criminal conviction seeks to bring a petition for post-conviction relief pending resolution of his appeal, he may obtain leave from the appellate court under the procedure outlined in *Logal* when the appellate court can find:

(1) that the grounds for relief advanced in appellant's petition have a substantial likelihood of securing appellant relief in the trial court;

(2) that such relief has a substantial likelihood of rendering moot the issues raised on direct appeal and would effect a net savings of judicial time and effort;

(3) that the circumstances of the case are such that undue hardship would result to appellant were he required to await completion of his appeal to petition for post-conviction relief.

*Davis v. State,* 267 Ind. at 157, 368 N.E.2d at 1151. However, petitioner made no attempt to meet these standards or follow the necessary procedure.

■ Petitioner argues that Indiana will also consider fundamental issues even if not properly raised. However, this rule is limited to exceptional circumstances involving gross and fundamental errors. *See, e.g., Young v. State,* 249 Ind. at 289, 231 N.E.2d at 799; *Webb v. State,* 259 Ind. at 106–07, 284 N.E.2d at 814–15; *Grier v. State,* 251 Ind. 214, 217, 240 N.E.2d 494, 496 (1968) (per curiam). Indiana has not applied this rule to cases, such as the present one, where evidence admitted at trial has been alleged to be unconstitutionally tainted. *See Winston v. State,* 165 Ind.App. 369, 372, 332 N.E.2d 229, 231–32 (1975) (testimony concerning heroin seized in violation of the Fourth Amendment). *See also Brumfield v. State,* 442 N.E.2d at 974 (constitutional right to a fair trial allegedly denied because of admission of photograph).

Petitioner also tried to raise the Fourth Amendment issue in his motion for rehearing before the Indiana Supreme Court. However, a petition for rehearing should only ask for a rehearing on points that were properly presented to the court in the original petitions and which were overlooked or improperly decided by the court. *See New York Life Insurance Co. v. Henriksen,* 421 N.E.2d 1117, 1118 (Ind.App. 1981); *Stucker v. College Life Insurance Co. of America,* 139 Ind.App. 422, 440–41, 211 N.E.2d 320, 321 (1965) (in banc), *cert. denied,* 386 U.S. 934, 87 S.Ct. 958, 17 L.Ed.2d 806 (1967); *Daviess-Martin Co. Rural Telephone Corp. v. Public Service Comm'n,* 132 Ind.App. 610, 625, 175 N.E.2d 439, 440 (1961) (in banc), *Kennedy v. Kennedy,* 241 Ind. 633, 638, 174 N.E.2d 410, 411 (1961) (per curiam). Petitioner did not properly present the Fourth Amendment issue in his original petition. The Indiana Supreme Court, therefore, was not obligated, under its procedural rules, to grant a rehearing on the merits.

Our discussion shows that although petitioner presented the Indiana Supreme Court with briefs that raised and argued the constitutional issue that is the basis of his habeas petition, petitioner never presented this argument in a procedurally correct manner that required the Supreme Court to consider the constitutional issue on its merits. The question still remains, though, whether the procedural errors prevented the Supreme Court from having a fair opportunity to consider the constitutional questions raised.

■ The state court need only be given the *opportunity* to decide an issue; it is not necessary that the court explicitly rule on the issue. *See Arrowood v. Clusen*, 732 F.2d 1364, 1368 (7th Cir.1984). Thus, if the substance of the petitioner's constitutional claims are raised in his state court brief, the fact that the state court does not explicitly pass on the claims does not preclude exhaustion, because the state court had the opportunity to consider the issues. *See Smith v. Digmon*, 434 U.S. 332, 333–34, 98 S.Ct. 597, 598–99, 54 L.Ed.2d 582 (1978) (per curiam). But the opportunity presented to the state court must be a *fair* opportunity. *See United States ex rel. Sullivan v. Fairman*, 731 F.2d at 453; *Picard v. Connor*, 404 U.S. at 275–76, 92 S.Ct. at 512–13. The state court must be *fairly alerted* to the constitutional claim, *United States v. Fairman*, 731 F.2d at 453, and the "substance" of the constitutional claim must be "fairly presented." *Anderson v. Harless*, 459 U.S. at 6, 103 S.Ct. at 277.

■ In the present case, the Indiana Supreme Court presumably could have chosen to ignore its procedural rules and passed on the merits of the constitutional issue.[5] It cannot be said, however, that that court should be required to ignore its own procedures. "If a petitioner wishes to

exhaust his claims, he is expected not only to use the normal avenues of relief but also to present his claims before the courts in a procedurally proper manner according to the rules of the state courts." *Carter v. Estelle*, 677 F.2d at 443. To expect state courts to ignore their own rules would be contrary to the purposes behind the exhaustion rule. The exhaustion rule is a rule of comity which recognizes that, while it is necessary for the federal courts to be available to protect the rights of state prisoners, it is also necessary that state courts be permitted to function without undue interference. *See Picard v. Connor*, 404 U.S. at 275–76, 92 S.Ct. at 512–13; *Perry v. Fairman*, 702 F.2d 119, 120 (7th Cir.1983); *Carter v. Estelle*, 677 F.2d at 441–43. In the present case, the Indiana Supreme Court did not have a fair opportunity to consider the Fourth Amendment issue because petitioner never presented the issue to that court by procedurally correct means that required the court to consider the Fourth Amendment issue on the merits. *See Pitchess v. Davis*, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975) (per curiam); *Diamond v. Wyrick*, 757 F.2d 192, 193–94 (8th Cir.1985); *Dickerson v. Walsh*, 750 F.2d 150, 154 (1st Cir.1984); *Cruz-Sanchez v. Rivera Cordero*, 728 F.2d 1531, 1532 (1st Cir.1984); *Kellotat v. Cupp*, 719 F.2d 1027, 1031 (9th Cir.1983); *Sweet v. Cupp*, 640 F.2d 233, 237–38 (9th Cir.1981). *See also Macon v. Lash*, 458 F.2d 942, 948–49 (7th Cir.1972) ("the [Indiana] Supreme Court cannot fairly be expected to have considered the contents of that exhibit for any purpose other than in connection with the relief requested in the motion to which it was attached.").

■ We are not saying, however, that a petitioner always fails to exhaust his remedies when he fails to follow proper procedures.[6] *Consider, e.g., Arrowood v. Clu-*

---

**5.** It cannot be assumed, merely because of silence, that the Indiana Supreme Court did not consider the issue on the merits. But when issues are not presented in a procedurally correct manner and there is no mention of the issue in any order or opinion, it can be presumed that any decision made was based on

procedural error, not the merits. *See Diamond v. Wyrick*, 757 F.2d 192, 194 (8th Cir.1985); *Kellotat v. Cupp*, 719 F.2d 1027, 1031 (9th Cir.1983); *Piercy v. Parratt*, 579 F.2d 470, 472–73 (8th Cir.1978).

**6.** This statement refers only to situations where a petitioner made procedural errors, but still

*sen,* 732 F.2d at 1367–68 (federal issue fairly presented to state court although that court had ruled that the record was insufficient for considering the issue). "[T]he requirement that a petitioner should follow state procedural rules in exhausting his claims is not an inflexible one; 'we would not permit a state procedural rule or practice to frustrate vindication of federal constitutional rights where it is unfairly applied or puts an undue burden on a petitioner.'" *Carter v. Estelle,* 677 F.2d at 443, quoting *Brown v. Estelle,* 530 F.2d 1280, 1284 (5th Cir.1976). The Fifth Circuit, for example, held that petitioners not able to obtain counsel were not required to follow a Texas rule, which mandated that Texas Supreme Court briefs be submitted by attorneys, before they could be considered to have exhausted their appeals. *Brown v. Estelle,* 530 F.2d at 1284. In another case, the Fifth Circuit held that a habeas petitioner had exhausted his remedies, even though the Texas Court of Criminal Appeals had refused, on procedural grounds, to consider the federal issues raised in a state brief. The procedural error was that petitioner's attorney had failed to list page references to the record in an introductory part of the brief although the references were included in two other parts of the brief. *Houston v. Estelle,* 569 F.2d 372, 374–76 (5th Cir.1978).

Whether a petitioner has failed to exhaust his remedies when he follows improper procedure must be decided on a case-by-case basis. Factors to be considered include: (a) how clearly the issue was presented in the state court, *see Houston v. Estelle,* 569 F.2d at 376; *Moore v. Duckworth,* 581 F.2d 639, 642–43 (7th Cir. 1978); (b) the manner in which the issue was presented, e.g. in the body of the initial brief, in a supplemental brief, in an appendix, in a separate letter to the court, etc., *see Houston v. Estelle,* 569 F.2d at 376; *Dickerson v. Walsh,* 750 F.2d at 154; *Cruz-Sanchez v. Rivera Cordero,* 728 F.2d at 1532; *Moore v. Duckworth,* 581 F.2d at 642–43; (c) whether both parties briefed or argued the issue before the state court, *see Wiley v. Sowders,* 647 F.2d 642, 647 (6th Cir.), *cert. denied,* 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981); *Houston v. Estelle,* 569 F.2d at 375–76; *Smith v. Digmon,* 434 U.S. at 334; (d) what the procedural error was, including how minor it was, *see Houston v. Estelle,* 569 F.2d at 374–76; (e) the disposition of the case in state court, for example whether some issues were decided while others were excluded or the entire appeal was dismissed on procedural grounds, *see id.; Dickerson v. Walsh,* 750 F.2d at 154; *Piercy v. Parratt,* 579 F.2d 470, 473 (8th Cir.1978); (f) whether petitioner was represented by an attorney, *see Brown v. Estelle,* 530 F.2d at 1284; (g) the cumbersomeness and complexity of the procedural rules, *see Carter v. Estelle,* 677 F.2d at 445–47; *Marino v. Ragen,* 332 U.S. 561, 564–70, 68 S.Ct. 240, 242–45, 92 L.Ed. 170 (1947) (Rutledge, J., concurring); (h) the avenues of appeal that remain open and their adequacy, *see Sweet v. Cupp,* 640 F.2d at 237–38; *Pitchess v. Davis,* 421 U.S. at 488, 95 S.Ct. at 1752; and (i) the reasonableness of the delay caused by following the proper procedure, *see Carter v. Estelle,* 677 F.2d at 445. In considering these factors the court should keep in mind "the balancing of [federal and state] interests which is always inherent in the doctrine of comity." *Id.*

In the present case, petitioner insisted on filing *pro se* petitions although he was represented by an attorney, who was capable enough to follow the proper procedure for filing an appeal. While Indiana's post-conviction remedies may involve some complexity, this court has found them to be adequate remedies, even for *pro se* petitioners. *See Moore v. Duckworth,* 581 F.2d at 643–44. Petitioner's real problem was not that he could not understand the rules, but that the rules required that he

---

has other available means of review. If petitioner's procedural errors have eliminated all means of appeal, he has of course exhausted his remedies and the question will be whether or not he waived his federal remedy. *See, e.g., Zellers v. Duckworth,* 763 F.2d 250, 252 (7th Cir.1985); *Lenza v. Wyrick,* 665 F.2d 804, 807–09 (8th Cir.1981).

wait until his direct appeal was completed before he could raise new issues. Such a requirement serves the purpose of providing for the orderly presentation and disposition of appeals, *see Coulson v. Indiana & Michigan Electric Co.,* 471 N.E.2d at 279, and does not create an unreasonable delay. Moreover Indiana has provided means for raising new issues, without having to wait for an appeal to be completed, when the new issues are fundamental or controlling. *See* the discussion *supra* at 1222. Finally, it is significant that petitioner's errors were not merely minor and technical, *compare Houston v. Estelle,* 569 F.2d at 374–76, and also that the Indiana Supreme Court was not fully briefed on the Fourth Amendment issue. *Compare Wiley v. Sowders,* 647 F.2d at 646–48 (petitioner exhausted remedies when Kentucky Supreme Court was briefed on the merits by both parties and sought additional briefing on its own motion, then, on procedural grounds, it refused to decide the issue).

For the reasons given above, petitioner failed to fairly present the Fourth Amendment issue to the Indiana Supreme Court and therefore that court did not have a fair opportunity to consider the Fourth Amendment issue.

IV. *Availability of State Remedies*

We can now move to the question of whether petitioner had any state remedies actually available at the time he filed his writ, "for exhaustion is only required 'if he has the right under the law of the State to raise, by any available procedure, the question presented.'" *Moore v. Duckworth,* 581 F.2d at 643, quoting 28 U.S.C. § 2254(c).

Following the denial of his petition for rehearing, petitioner could have availed himself of the procedures under P.C.R. Rule 1. This rule permits a defendant to raise issues, including constitutional questions, that were not raised in his or her original appeal as long as the defendant did not already have the issue adjudicated on the merits and did not knowingly, voluntarily, and intelligently waive the issue in prior proceedings. *Id.* § 8. The court can also grant relief under this rule if the petitioner shows sufficient reason for not raising the issue in the original appeal. *Id.* A P.C.R. Rule 1 motion is to be filed in the trial court where convicted and may be appealed under the rules applicable to civil actions. *Id.* § 7.

This court has previously examined the availability of P.C.R. Rule 1 in detail and held it to be a realistic remedy in that case. *Moore v. Duckworth,* 581 F.2d at 643–45. Besides examining the actual requirements of the procedure, this court noted the willingness of the Indiana courts to make this procedure available so that defendants would have an " 'ample opportunity to present claims for relief in the courts of [Indiana] before resort must be had to the federal courts.'" *Id.* at 644–45, quoting *Langley v. State,* 256 Ind. 199, 204, 267 N.E.2d 538, 541 (1971). While recognizing that post-conviction relief is often available, this court will not require a petitioner to seek out such relief when it is clear that post-conviction relief is not available. *See, e.g., Williams v. Duckworth,* 724 F.2d 1439, 1441–42 (7th Cir.1983), *cert. denied,* 105 S.Ct. 143, 83 L.Ed.2d 82 (1984); *Zellers v. Duckworth,* 763 F.2d 250, 252–53 (7th Cir.1985).

P.C.R. Rule 1 § 8 defines what grounds for relief are excluded from being raised in a Rule 1 motion. First, any grounds finally adjudicated on the merits may not be raised. Since petitioner never raised the Fourth Amendment issue on the merits, that rule does not prevent post-conviction relief. Second, a knowing, voluntary, and intelligent waiver of the grounds precludes raising an issue on a P.C.R. Rule 1 motion. Petitioner's persistent, but futile, attempt to raise the Fourth Amendment issue, both through his attorney and on his own, should prevent this rule from having any effect. Instead, it appears that petitioner would be able to "present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy." *Davis v. State,* 164 Ind.App. 331, 339, 328 N.E.2d 768, 774 (1975), quoting *Langley v. State,*

256 Ind. 199, 211, 267 N.E.2d 538, 545 (1971). Finally, there is no time limit on filing a P.C.R. Rule 1 motion. *Haynes v. State,* 436 N.E.2d 874, 875 (Ind.1982); *Twyman v. State,* 459 N.E.2d 705, 712 (Ind. 1984).

For the reasons given above, petitioner has failed to exhaust his remedies as required by 28 U.S.C. § 2254(b). The district court properly dismissed his petition for writ of habeas corpus. The district court judgment is affirmed.

Judge Posner believes that there is no need to consider the issue of exhaustion of remedies, a difficult issue, since the petition for habeas corpus is in any event frivolous in light of *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

AFFIRMED.