124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mancil WALLACE, Petitioner-Appellant,
v.
AL C. PARKE, Respondent-Appellee.
 No. 96-1245.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997.
 ORDER
 
 1
 Mancil Wallace, an Indiana State Prison inmate, appeals the district court's denial of his third petition for a writ of habeas corpus. 28 U.S.C. § 2254. We affirm.
 
 
 2
 In 1981, Wallace was convicted of rape while armed with a deadly weapon and of being, an habitual offender. He was sentenced to 65 years' imprisonment. Wallace's conviction and sentence were affirmed by the Supreme Court of Indiana on direct appeal. Wallace v. State, 453 N.E.2d 245 (Ind.1983). He then filed his first federal habeas corpus petition which was dismissed for failure to exhaust. Wallace v. Duckworth, 778 F.2d 1215 (7th Cir.1985) (per curiam) (affirming dismissal for failure to exhaust state court remedies).
 
 
 3
 In February 1986, Wallace returned to state court and filed a petition for post-conviction relief However, before this petition was resolved, he filed a second federal habeas corpus petition raising two of the issues he raised in his direct appeal. This habeas petition was denied on the ground that neither claim presented an issue of constitutional law; rather, both claims presented issues of state evidentiary law. Wallace v. Duckworth, No. § 86-340 at 3-4 (N.D. Ind Oct. 22, 1986) (unpublished order). Alternatively, the district court held that if the claims were based on the Constitution, then Wallace had procedurally defaulted by failing to present them as such in the state courts. Id. at 3. Wallace did not appeal. Finally, in May 1993, the state trial court denied his petition for post-conviction relief. The state appellate court affirmed, and the supreme court denied transfer.
 
 
 4
 Apparently, Wallace then filed a document in the Indiana appellate court seeking permission to file a second post-conviction relief petition in accordance with Indiana procedural rules.[1] That court summarily declined Wallace's request for authorization to file a second petition for post-conviction relief. Wallace v. Indiana, No. 20A03-9508-SP-254 (Ind.Ct.App. Aug. 9, 1995). Without stating the grounds raised in the petition or the cases it relied upon, the appellate court held "the Petition conclusively shows that the Petitioner is entitled to no relief." Id.
 
 
 5
 In September 1995, Wallace filed the habeas petition at issue here urging three grounds for relief. Wallace claimed that the trial court gave an instruction in which reasonable doubt was equated with moral certainty in violation of the rule announced in Cage v. Louisiana, 498 U.S. 39 (1989). He also claimed that the trial court instructed the jury that it was allowed to disregard the law. Finally, Wallace claimed that he was denied the effective assistance of post-conviction counsel. The district court denied the petition as an abuse of the writ. Wallace filed a timely notice of appeal and the district court granted a certificate of probable cause.
 
 
 6
 Under the "abuse of the writ" doctrine, a successive habeas petition raising claims for the first time is properly dismissed unless the petitioner shows cause for failing to raise the claim and prejudice therefrom, or makes a colorable claim of actual innoncence.[2] McClesky v. Zant, 499 U.S. 467, 494-95 (1991). On appeal, Wallace challenges the district court's decision regarding the reasonable doubt instruction. He maintains that he established cause for failure to raise this claim because the Supreme Court's decision in Cage v. Louisiana, 498 U.S. 39 (1990), was not available to him at the time of his prior petitions. He also cites Sullivan v. Louisiana, 508 U.S. 275 (1993). We liberally construe his argument to be that Sullivan makes the rule announced in (Cage retroactively applicable to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 310 (1989).
 
 
 7
 We need not decide whether the Supreme Court has made Cage retroactive because the reasonable doubt instruction challenged by Wallace is not unconstitutional. Cf Granberry v. Greer, 481 U.S. 129, 135 (1987) (in the interest of comity and judicial economy, an appellate court may consider the merits of an habeas appeal despite procedural irregularities); Eaglin v. Welborn, 57 F.3d 496, 499 (7th Cir.) (en banc) ("If there is another ground of affirmance beside [the retroactivity on collateral attack rule], the court is not obliged to base its decision on [that rule]."), cert. denied, 116 S.Ct. 421 (1995). Here, as in Granberry, "it is perfectly clear that [Wallace] does not raise even a colorable federal claim." Granberry, 481 U.S. at 135.
 
 
 8
 In Cage, the Supreme Court held that an instruction which equated reasonable doubt with "grave uncertainty" and an "actual substantial doubt," and then stated that what was required was a "moral certainty" of guilt was improperly vague. Cage, 498 U.S. at 41. The Court reasoned "that the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable-doubt standard." Id. The Court found that when those phrases were used with reference to "moral certainty," rather than evidentiary certainty, "a reasonable juror could have interpreted the instruction as allowing a finding of guilt based on a degree of proof below that required by the Due Process Clause." Id.
 
 
 9
 Subsequently, the Supreme Court decided Victor v. Nebraska, 511 U.S. 1 (1994), which addressed the constitutionality of two reasonable doubt instructions very similar to Wallace's. In Victor, two unrelated defendants, Sandoval and Victor, challenged their convictions on the ground that the reasonable doubt instructions given their juries equated reasonable doubt with moral certainty. Id at 10, 21; see also id at 7-8 (Sandoval's instruction); id at 18 (Victor's instruction). The Court affirmed the convictions because the instructions, unlike the instruction in Cage, taken as a whole gave content to the ambiguous phrase "moral certainty." Id. at 14-16, 21-22. Specifically, in each case, the trial court had instructed the jurors to consider the evidence before them and base their decision on that evidence. Id. at 16, 21. Although explicitly disapproving of instructions using the "moral certainty" language, the Court concluded that, because the jurors were instructed that moral certainty was to be based on the evidence, it was not reasonably likely that the juries understood the instructions to allow conviction on a standard of proof lower than due process requires. Id. at 16-17, 22.
 
 
 10
 Here, as in Victor, the trial judge firmly established the connection between reasonable doubt, moral certainty and the evidence. The jury was instructed that "reasonable doubt arises, or exists in the mind, naturally, as a result of the evidence or lack of evidence." Further, the trial judge stated that "[a] reasonable doubt is such doubt as you may have in your mind when having fairly considered all the evidence, you do not feel satisfied to a moral certainty the guilt of the defendant." Therefore, "in the context of the instructions as a whole we cannot say the use of the phrase ["moral certainty"] rendered the instruction given ... unconstitutional." Victor, 511 U.S. at 17.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 This document is not included in the appellate record
 
 
 [2]
 On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Star. 1214, into law. AEDPA amended various provisions of the federal habeas corpus statute, including the provision setting out the standards for successive habeas corpus petitions. The amendments do not apply to Wallace because he filed his petition before the Act became law. Lindh v. Murphy, No. 96-6298, 1997 WL 338568 at * 8 (U.S. June 23, 1997). Moreover, because the parties filed their briefs before AEDPA was signed into law, they argue the issues under the former standard and rebriefmg is unnecessary