Isidoro **CRUZ SANCHEZ,** Petitioner,

v.

Benito **RIVERA CORDERO,**
**Respondent.**

Civ. No. 84–2259 (JAF).

United States District Court,
D. Puerto Rico.

Jan. 29, 1987.

José E. González Borgos, Fiddler Gonzalez & Rodriguez, San Juan, P.R., for petitioner.

Encarnita Catalán Marchán, Héctor Rivera Cruz, Secretary of Justice, Com. of Puerto Rico, San Juan, P.R., for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

In 1979, Isidoro Cruz Sánchez was found guilty of statutory rape, the victim being

Carmen Rodríguez. The Superior Court of Puerto Rico sentenced the defendant to commitment for an indeterminate period of ten to twenty years. Cruz-Sánchez filed a motion for new trial alleging that a witness and former rape victim of defendant, Carmen Enid García Hernández, had lied when she testified upon questions by defense counsel on whether she was pregnant. On said occasion, she allegedly answered that she could not be pregnant, inasmuch as her husband was in New York. The fact is that approximately four months after the trial, she gave birth to a baby boy. The motion for new trial was denied. In turn, the sentence was reduced to a three-year maximum imprisonment term. Cruz-Sánchez filed in this court for a writ of habeas corpus. This was denied and later affirmed by the Court of Appeals,[1] based on the fact that he had not exhausted state administrative/judicial proceedings.

Thereafter, Cruz-Sánchez proceeded to file for a writ of certiorari before the Supreme Court of Puerto Rico. There, he only alleged as basis for a new trial the fact that the witness had blatantly lied about her pregnancy. The Supreme Court of Puerto Rico denied the writ of certiorari on May 24, 1984, without opinion, Case No. 0–84–301. Cruz-Sánchez filed this second application for habeas corpus under 28 U.S.C. sec. 2254. Among the causes raised to justify the issuance of a habeas corpus order were:

> [T]hat the Commonwealth violated the Federal Constitution in failing to retry petitioner upon new evidence found that the rape victim had lied in response to certain questions during trial. It was also asserted that some evidence was unconstitutionally admitted being the product of unethical practices of the prosecutor. Moreover, it was raised that petitioner's Miranda rights were violated. That the testimony of Carmen Enid Hernández (witness for the prosecutor) was admitted in violation of the due process clause of the fourteenth amendment. (Carmen Enid Hernández was al-

legedly raped by the petitioner but he was being tried on his alleged rape of Carmen Rodríguez).

Cruz-Sánchez' petition for habeas corpus does not plead supporting facts for his conclusory allegations of constitutional violations, other than those relating to Carmen Enid Hernández' testimony. On March 6, 1985, the respondent, Benito Rivera Cordero, filed his answer to the habeas corpus. Thereafter, a period for discovery was granted. We scheduled a status conference and the case was taken under advisement. We now enter summary judgment dismissing the petition. *Gutiérrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir.1983); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir.1983).

We have taken into consideration the weighing factor that petitioner's claim was filed *pro se*. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *Simmons v. Dickhaut*, 804 F.2d 182 (1st Cir.1986) (*pro se* papers to be read with appropriate benevolence). However, the same lacks the requirements of cause and prejudice to justify the issuance of the writ. *See Wainright v. Sykes*, 433 U.S. 72, 91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594, *reh'g denied*, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977); *Breest v. Cunningham*, 784 F.2d 435, 437 (1st Cir.1986); *Francois v. Wainright*, 741 F.2d 1275 (11th Cir.1984). No evidentiary hearing is required. *Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. sec. 2254.

The present petition essentially claims for the second time that at his criminal trial for having raped Carmen Rodríguez, a witness who allegedly had also been raped by him denied being pregnant. Even if the witness lied on this issue, said conduct by the witness does not equate to a constitutional violation affecting the outcome of his case if seen as a whole.

---

**1.** *Cruz Sánchez v. Rivera Cordero*, 728 F.2d 1531    (1st Cir.1984).

The request for issuance of a writ of habeas corpus is DENIED. *See Tarrant v. Ponte,* 751 F.2d 459, 464 (1st Cir.1985). Federal courts will be slow to impute to a state court the lack of a principled basis for decision.

IT IS SO ORDERED.