Isidoro CRUZ–SANCHEZ,
Petitioner, Appellant,

v.

Benito RIVERA–CORDERO, etc., et al.,
Respondents, Appellees.

No. 87–1623.

United States Court of Appeals,
First Circuit.

Heard Nov. 4, 1987.

Decided Dec. 30, 1987.

Rehearing Denied Jan. 21, 1988.

Motion for Stay of Issuance of Mandate
and Reconsideration of Denial of
Rehearing Denied Feb. 3, 1988.

Jose E. Gonzalez Borgos, with whom, Jay A. Garcia Gregory and Fiddler, Gonzalez & Rodriguez, were on brief, for petitioner, appellant.

Vannessa Ramirez, Asst. Sol. Gen., with whom Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., were on brief, for respondents, appellees.

Before COFFIN, BOWNES and SELYA, Circuit Judges.

BOWNES, Circuit Judge.

In 1978, a Puerto Rico court convicted the appellant, Isidoro Cruz–Sanchez, of rape. After denial of his post-conviction appeal, Cruz–Sanchez filed a motion for a new trial, alleging that the government's primary witness, the victim Carmen Rodriguez Reyes, had committed perjury during trial by denying that she was pregnant. The motion for a new trial was denied. Cruz then filed a motion with the Supreme Court of Puerto Rico under Rule 192.1 of the Rules of Criminal Procedure of the Commonwealth of Puerto Rico, P.R.Laws

Ann. tit. 34, App. II, R. 192.1 (1963),[1] alleging again that the rape victim had lied on the stand about her pregnancy. The supreme court denied the motion, and Cruz filed the same motion in the trial court below. When this motion was also denied, Cruz filed a writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the District of Puerto Rico. The district court dismissed the petition because appellant had not exhausted available state proceedings, and we affirmed the dismissal. *See Cruz–Sanchez v. Rivera Cordero*, 728 F.2d 1531 (1st Cir.1984). After the Supreme Court of Puerto Rico denied appellant's writ of certiorari, appellant filed a second petition for habeas corpus. The court again denied the petition, asserting that "[e]ven if the witness lied on this issue [of her pregnancy], said conduct by the witness does not equate to a constitutional violation affecting the outcome of his case if seen as a whole," 651 F.Supp. 1395. This appeal followed. We agree with the district court.

During trial, the defense attorney asked the victim whether she was pregnant. She responded in the negative. Four months after trial, she gave birth to a child. Appellant submits that this birth, as well as an admission that the victim made to a reporter during trial, prove that she lied on the stand. Appellant further argues that the perjury so violated his right to a fair trial that he must be afforded a new trial.

Appellant relies primarily upon cases holding that the knowing use of perjured testimony by the prosecution violates due process if "the false testimony could ... in any reasonable likelihood have affected the judgment of the jury...." *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) (*quoting Napue v. Illinois*, 360 U.S. 264, 271, 79 S.Ct. 1173, 1178, 3 L.Ed.2d 1217 (1959); *see also Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935) (state's contrivance of a conviction through the use of perjured testimony violates due process). Appellant's reliance upon these cases is without merit. There is not one shred of evidence showing that the government knew, at the time of the trial, that the victim was lying. In

fact, appellant concedes that the fact that the victim had been pregnant during trial first became known to the government during post-trial proceedings. Moreover, in the deposition of the reporter, offered by appellant as proof of the victim's perjury, the reporter asserted that the victim told him during a trial recess that she had denied her pregnancy to the *"district attorney, the judge, and the jury."* (Emphasis added).

■ The proper characterization of the perjury is that of evidence newly discovered after trial. As an initial matter, it is not even clear that newly discovered evidence is a ground for section 2255 relief. *Compare Pelegrina v. United States*, 601 F.2d 18, 19 (1st Cir.1979) (refusing to decide whether newly discovered evidence is a ground for habeas corpus relief) *with Grace v. Butterworth*, 586 F.2d 878, 881 (1st Cir.1978) (finding that the inquiry in a petition for habeas corpus relief is whether the newly discovered evidence "would probably have resulted in a different verdict, a high standard, on which the burden [is] on the defendants"); *see also Mastrian v. McManus*, 554 F.2d 813, 822–23 (8th Cir.), *cert. denied*, 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977). Yet, even if it were, under the standard set forth in *Grace* appellant's claim fails. Exposure of the evidence here should not, in any way, have resulted in an acquittal.

■ Appellant believes that the jury would have had doubts about the victim's "moral character" and "her character as a mother [and] a wife" if it had learned, as appellant intended to prove, that the victim was pregnant by a man (not appellant) who was not her husband. He claims that the information would have shown the victim to be an "unreliable human being" who had "fabricated an aura of honesty and fidelity towards her husband." Implicit in this attack is an attempt by appellant to convince this court that it would have been reasonable for the jury to infer from evidence of the victim's extramarital sex life that she consented to sex with appellant. We reject such an assumption. A woman does not waive her right to refuse to have sex on

---

**1.** Rule 192.1 provides in relevant part:

Any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because ... the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, ... may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment.

one occasion by consenting to sex on a prior one, even under circumstances that some might consider unacceptable. The evidentiary rules themselves make this point. Under Federal Rule of Evidence 412, evidence of a victim's past sexual behavior is, except for very narrowly defined purposes, irrelevant to the charge of rape.[2] Puerto Rico law also recognizes the usual irrelevance of such evidence by restricting its admissibility. P.R.Laws Ann. tit. 32, App. IV, R. 21 (1979); P.R.Laws Ann. tit. 34, App. II, R. 154.1 (1979).[3]

The false answer by the victim, then, was elicited in response to an irrelevant question. Therefore, the truth of her pregnancy could not have been "of consequence to the determination of the action[,]" Federal Rule of Evidence 401, and, as such, should not have produced an acquittal upon retrial. Nor could the fact that the victim lied about an irrelevant matter have been of any but marginal consequence. *Cf. United States v. Bonadonna,* 775 F.2d 949, 957 (8th Cir.1985) (holding that "newly discovered evidence which is merely impeaching normally cannot form the basis for a new trial"); *Pelegrina,* 601 F.2d at 21 (holding that "impeaching evidence is generally treated as immaterial" for purposes of a motion for a new trial).

■ Appellant raises a second due process claim: that the government coerced a witness, Carmen Enid Garcia, into testifying falsely. The district court dismissed this claim, characterizing it as "conclusory" and without "supporting facts." Based on the record materials, we cannot evaluate either the basis for his claim or its underlying merit. Appellant had the responsibility of including in the appellate record all trial materials upon which he intended to rely. *See United States v. Brewer,* 630 F.2d 795, 803 (10th Cir.1980). Because he failed to fulfill this responsibility, we will not consider his challenge, and we affirm the district court's dismissal of it. *Cf. Granberry v. Greer,* —— U.S. ——, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

The judgment of the district court denying appellant's habeas corpus petition is *affirmed.*

### ORDER OF COURT

The petition for rehearing is denied.

Even assuming that witness Carmen Enid Garcia did testify at the trial falsely, which seems unlikely in light of her deposition testimony, we cannot determine whether such testimony could "in any reasonable likelihood have affected the judgment of the jury," *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972), without a transcript of the rape trial. This, as we noted on page 949, has not been furnished. In order to save defense counsel further trouble and expense, we hereby notify them that we will not accept or consider the trial transcript if it is offered.

---

**2.** The congressional discussion of Fed.R.Evid. 412 sets forth the testimony of Rep. Elizabeth Holtzman, in which she commented that, without a federal rule narrowly constraining the admission of such evidence, rape trials are "inquisitions into the victim's morality, not trials of the defendant's innocence or guilt."

**3.** Rule 21 provides in relevant part:
In any prosecution for rape or attempt to commit rape, evidence of the victim's past sexual conduct or history or opinion or reputation, evidence regarding such sexual conduct or history is not admissible for the purpose of attacking her credibility or establishing her consent, unless circumstances of a special nature show that such evidence is relevant and that its probative value outweighs its defamatory or prejudicial character.
Rule 154.1 is to the same effect.