**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ivan GONZALEZ–CORPORAN,**
**Defendant—Appellant.**

No. 03–10707.

D.C. No. CR–03–00176–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Aug. 15, 2005.

Timothy S. Vasquez, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff—Appellee.

Mario Valencia, Henderson, NV, for Defendant—Appellant.

Before B. FLETCHER, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Defendant Ivan Gonzalez–Corporan appeals both his jury trial conviction and the sentences imposed for 1) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and aiding and abetting, 18 U.S.C. § 2; and 2) possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(A)(i) and (c)(1)(A)(ii) and aiding and abetting, 18 U.S.C. § 2. Specifically, Gonzalez–Corporan challenges his conviction by asserting that certain evidence and expert testimony were improperly admitted into evidence without proper notice from the government, and that the evidence on the whole was insufficient to support these convictions. As to sentencing, Gonzalez–Corporan contends that the district court erred in counting his prior Puerto Rican felony convictions to make him a "career offender" under the Federal Sentencing Guidelines. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2002). He also challenges his sentence under the Sixth Amendment, citing *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We find that there was insufficient evidence to support the convictions for armed robbery under 18 U.S.C. §§ 2113(a) and (d), for possession of a weapon during a crime of violence under 18 U.S.C. § 924(c)(1)(A), or for aiding and abetting the commission of these crimes, 18 U.S.C. § 2. However, there is sufficient evidence to support a conviction for *unarmed* bank robbery under 18 U.S.C. § 2113(a). We therefore direct the district court to enter a conviction for unarmed bank robbery, to vacate the defendant's sentence, and to re-sentence. The re-sentencing should be consistent with this disposition and should comply with *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the parties are familiar with the facts and procedural history, we do not recite them in detail here.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

■ Gonzalez–Corporan first challenges his conviction on the grounds that the district court allowed the prosecution to present shoe print evidence and expert testimony without proper notice to the defense. This court reviews the district court's decision whether to impose sanctions for alleged violations of criminal discovery rules for abuse of discretion. *United States v. Schwartz,* 857 F.2d 655, 657 (9th Cir.1988). Where a party seeking to introduce evidence has violated Federal Rule of Criminal Procedure 16, exclusion of the evidence may be an appropriate remedy. *United States v. Peters,* 937 F.2d 1422, 1424 (9th Cir.1991). On the other hand, admission of evidence not properly disclosed under Rule 16 is grounds for reversal only where the defendant can show prejudice; in this context, prejudice is defined as "a likelihood that the verdict would have been different had the government complied with the discovery rules, not had the evidence been suppressed." *United States v. Mendoza–Paz,* 286 F.3d 1104, 1111 (9th Cir.2002) (quoting *United States v. Baker,* 10 F.3d 1374, 1398 n. 8 (9th Cir.1993)).

Here, the prosecution did not provide the defense with the shoe print expert report until the second day of trial. However, the record reflects that while defense counsel moved for exclusion of the evidence, defense counsel because of a prior engagement expressly refused the lesser remedy of a trial continuance. The record also reflects that the district court took substantial precautionary measures by allowing the defense to hear the testimony of the expert and to conduct cross-examination outside the presence of the jury before deciding to allow the testimony. Where the district court took adequate precautionary measures to mitigate the effects of the discovery violation, we have held that the district court did not abuse its discretion in refusing to exclude evidence. *United States v. Gee,* 695 F.2d 1165, 1168 (9th Cir.1983). Further, by allowing substantial cross examination of the shoe print expert outside the presence of the jury, the district court minimized any prejudice that might have been caused by the government's failure to disclose timely the witness and evidence. *See Mendoza–Paz,* 286 F.3d at 1111. Because we find no prejudice, we find no abuse of discretion.

## II.

When a claim of insufficient evidence is preserved by making a motion for acquittal at the close of the evidence, the district court's denial of the motion is reviewed de novo. *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). There is sufficient evidence to support a conviction "if, viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Odom,* 329 F.3d 1032, 1034 (9th Cir.2003).

■ It is undisputed that the record contains no evidence that Gonzalez–Corporan, himself, actually carried or otherwise possessed or used a firearm during the commission of the bank robbery. Rather the firearm was carried and used by his co-defendant, Hector Cirino.[1] We therefore review the record to determine whether sufficient evidence supports a conviction for aiding and abetting armed robbery.

---

1. Although the appeals of the co-defendants were consolidated, we have disposed of Hector Cirino's claims in a published opinion addressing the use of Puerto Rican felony convictions in the "career offender" sentencing guideline.

We have consistently held that "[i]n order to convict a defendant for armed bank robbery under an aiding and abetting theory, this circuit requires the government to show beyond a reasonable doubt both that the defendant knew that the principal had and intended to use a dangerous weapon during the robbery, and that the defendant intended to aid in that endeavor." *United States v. Coleman*, 208 F.3d 786, 793 (9th Cir.2000) (quoting *United States v. Dinkane*, 17 F.3d 1192, 1195 (9th Cir.1994)).

The record reflects that after the two men entered the bank together, Gonzalez–Corporan approached the counter and demanded money from the teller, then jumped over the counter and began collecting money. While Gonzalez–Corporan collected money, Cirino stood by a pillar closer to the bank entrance, and upon observing a bank employee searching for an alarm, told her to "shh" and flashed her a handgun he had hidden beneath his shirt. Gonzalez–Corporan then quickly left the bank with his back to Cirino, as Cirino motioned to the bank employees to either turn around or sit down. During such commands, Cirino brandished his weapon. After the two parted ways, Cirino was arrested and police found the weapon. However, no evidence was introduced that established that Gonzalez–Corporan knew that a gun was involved. Witnesses testified that they never saw any weapon in Gonzalez–Corporan's possession and never heard him mention a weapon during the robbery. Further, the eyewitnesses testified that the firearm was hidden from view underneath Cirino's shirt; the witnesses did not know that he had a gun until he lifted his shirt. Indeed, the testimony established that Gonzalez–Corporan had no opportunity to see Cirino at the times Cirino showed his handgun: when Cirino flashed his handgun to stop the teller from hitting the alarm, Gonzalez–Corporan was busy collecting money behind the counter; when Cirino later brandished his gun, Gonzalez–Corporan was already exiting the bank and had his back to Cirino.

The evidence here is either weaker than or equal to, but certainly not stronger than, the evidence in cases where we have held the evidence was insufficient to support a conviction for aiding and abetting armed bank robbery under 18 U.S.C. §§ 2113(a) and (d). *See Coleman*, 208 F.3d at 792–794; *Dinkane*, 17 F.3d at 1197–98. Viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found beyond a reasonable doubt (a) that Gonzalez–Corporan knew that Cirino had and intended to use a dangerous weapon during the robbery, and (b) that Gonzalez–Corporan intended to aid Cirino in that endeavor. We therefore reverse the conviction for armed robbery under 18 U.S.C. § 2113(d).

Similarly, we conclude that there is insufficient evidence to support a conviction for possession of a weapon during a crime of violence under 18 U.S.C. § 924(c)(1)(A), or for aiding and abetting such a crime. *Cf. United States v. Bancalari*, 110 F.3d 1425, 1429 (9th Cir.1997) (holding that merely showing that the defendant aided and abetted the underlying crime and had knowledge that the principal was using a firearm in the underlying offense is insufficient to support a conviction for aiding and abetting the use of a firearm). Here, there is no evidence that Gonzalez–Corporan even knew that the gun was present. We therefore reverse this conviction as well.

We do, however, find the evidence sufficient to convict Gonzalez–Corporan of unarmed robbery. Accordingly, we direct the district court to enter a conviction for

*unarmed* robbery, a lesser included offense, in violation of 18 U.S.C. § 2113(a). *See, e.g., Coleman,* 208 F.3d at 794; *Dinkane,* 17 F.3d at 1200.[2]

### III.

Next, we uphold the district court's use of Gonzalez–Corporan's prior Puerto Rican felony convictions in considering the "career offender" sentencing guideline, U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a), for the reasons stated in our concurrently-filed opinion in *United States v. Cirino,* 419 F.3d 1001 (9th Cir.2005).

### IV.

We vacate Gonzalez–Corporan's sentence and remand for re-sentencing. On remand, the district court shall re-sentence the defendant in light of his reduced conviction and the Supreme Court's recent decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because we vacate and remand on other grounds, we need not address the defendant's argument under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that the district court improperly enhanced his sentence premised on a factual finding regarding the timing of his prior convictions and jail time. However, on remand, the district court should consider the effect of restrictions imposed on admissible evidence by *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), on its determination of Gonzalez–Corporan's qualifying prior convictions.

2. "On remand, the government may not retry [Gonzalez–Corporan] for armed bank robbery. *See [United States v. Jones,* 592 F.2d 1038, 1042 (9th Cir.1979)] (holding that the double jeopardy clause bars retrial under § 2113(d) when a defendant's armed robbery

**AFFIRMED IN PART, REVERSED IN PART, VACATED AND REMANDED.**

conviction is reversed for lack of sufficient evidence)." *Coleman,* 208 F.3d at 794.

