**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

HECTOR CIRINO,
          *Defendant-Appellant.*

No. 03-10711

D.C. No.
CR-03-00176-RLH

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted
November 2, 2004—San Francisco, California

Filed August 15, 2005

Before: Betty B. Fletcher, Sidney R. Thomas, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

10639

## COUNSEL

Jason Carr, AFPD, Las Vegas, Nevada, for appellant Hector
Cirino.

Timothy S. Vasquez, AUSA, Las Vegas, Nevada, for the appellee.

---

**OPINION**

PER CURIAM:

Defendant-Appellant Hector Cirino appeals the sentence imposed by the district court, which included imposition of a career-offender sentence based on prior felony convictions from crimes committed in Puerto Rico. Specifically, Cirino contends that because Puerto Rico is not a state, his prior Puerto Rican felony convictions are not "prior felony convictions of . . . a crime of violence" "under federal or state law" for purposes of the Sentencing Guidelines' "career offender" guideline. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) and § 4B1.2(a) (2002). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We hold that prior Puerto Rican convictions may constitute "prior felony convictions" for purposes of Guideline § 4B1.1(a). Nevertheless, we will follow procedures set forth in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), to determine whether a limited remand is appropriate in this case.

I.

On April 1, 2003, Cirino and co-defendant Ivan Gonzalez-Corporan robbed a Silver State Bank in Las Vegas, Nevada. They were soon arrested, and after a three-day trial, a jury convicted both men of armed bank robbery, possession of a firearm during and in relation to a crime of violence, and aiding and abetting. The district court judge then sentenced both men as "career offenders" under the Sentencing Guidelines. In sentencing Cirino, the court relied on three prior career-offender predicate convictions, two of which were from the Commonwealth of Puerto Rico. Cirino was then sentenced to

276 months for the armed robbery conviction and 84 months for the firearm-possession conviction, to be served consecutively.

The sole issue Cirino raises on appeal is the applicability of his Puerto Rican Commonwealth convictions in the determination of his sentence as a "career offender" for the current offense.

## II.

The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. *United States v. Bynum*, 327 F.3d 986, 993 (9th Cir. 2003). Specifically, the district court's interpretation of the Guidelines' career offender provisions is also reviewed de novo. *United States v. Shumate*, 329 F.3d 1026, 1028 (9th Cir. 2003).[1]

[1] Under the now-advisory Guidelines, an individual may be sentenced as a career offender if he or she was at least eighteen years old at the time he or she committed the instant offense, the offense is a felony that qualifies as a crime of violence or controlled substance offense, *and* the offender has two or more prior felony convictions for crimes of violence or controlled substance offenses. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (Nov. 2002).[2] Guideline § 4B1.2(a)

[1]As district courts must consider the Guidelines in sentencing, albeit as advisory, *United States v. Booker*, 125 S. Ct. 738, 767 (2005), we reach the issue of whether the district court correctly interpreted and correctly applied the Guidelines.

[2]Guideline § 4B1.1 was promulgated following the enactment of the Sentencing Reform Act of 1984. Specifically, 28 U.S.C. § 994(h) provided that recidivists would receive sentences "at or near the maximum term authorized for categories of defendants" where the defendant is at least eighteen years old and "has been convicted of a felony" that is a crime of violence or a violation of section 401 of the Controlled Substances Act, 21 U.S.C. § 841, sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act, 21 U.S.C. §§ 952(a), 955, and 959, or the Maritime Drug Law Enforcement Act, 46 U.S.C. App. § 1901 et seq., and "has previously been convicted of two or more [such] felonies." 28 U.S.C. § 994(h). The text of the statute contains no jurisdictional limitation on the prior felonies that may be used to enhance sentences under § 994(h).

defines a "crime of violence" for purposes of § 4B1.1 as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that involves the use, attempted use, or threatened use of physical force against the person of another; that is burglary of a dwelling, arson, or extortion; or that involves the use of explosives or a serious potential risk of physical injury to another. *Id.* § 4B1.2(a). Guideline § 4B1.2 also incorporates the definitions and instructions for computing criminal histories provided in § 4A1.2. *Id.* § 4B1.2 cmt. n.3. Guideline § 4A1.2(o), like § 4B1.2(a), states that a felony offense includes "any federal, state, or local offense punishable by . . . a term of imprisonment exceeding one year," while Guideline § 4A1.2(h) expressly excludes "foreign convictions."

   **[2]** The issue of whether Puerto Rican convictions may be counted as predicate convictions for purposes of determining career offender status is a novel one in the Ninth Circuit. However, two cases from the First Circuit, which has appellate jurisdiction over cases from the District of Puerto Rico, strongly suggest that Puerto Rican convictions may be taken into account. *See United States v. Torres-Rosa*, 209 F.3d 4 (2000); *United States v. Morales-Diaz*, 925 F.2d 535 (1991). In both cases, the defendants raised the issue for the first time on appeal. The First Circuit thus reviewed the sentences for plain error. *Torres-Rosa*, 209 F.3d at 8; *Morales-Diaz*, 925 F.2d 540. We nevertheless find the First Circuit's reasoning in these cases persuasive. In rejecting the notion that Puerto Rican convictions should not be counted as prior felony offenses, the First Circuit stated:

> [The defendant in *Morales-Diaz*] "simply asserts the syllogism that (1) to qualify under the career offender guideline, the prior felony offenses must be state or federal offenses; (2) Puerto Rico is not a state; and (3) therefore his Puerto Rico conviction is not a prior felony offense under the career offender guideline." We found [in *Morales-Diaz*] that this syl-

logism "completely ignores the body of case law recognizing that Congress has accorded the Commonwealth of Puerto Rico 'the degree of autonomy and independence normally associated with States of the Union. . . . .' " Accordingly, we concluded that, because the appellant had not shown "that the Sentencing Commission meant to exclude felony convictions in Puerto Rico Commonwealth Courts for enhancement purposes," no plain error inhered.

*Torres-Rosa*, 209 F.3d at 8 (citing *Morales-Diaz*, 925 F.2d at 540) (citations omitted) (second alteration in original); *cf. United States v. Acosta-Martinez*, 252 F.3d 13, 17-20 (1st Cir. 2001) (acknowledging that Puerto Rico is technically not a state, yet holding that the Federal Death Penalty Act applied to crimes committed in Puerto Rico). The First Circuit also routinely has upheld career offender sentences supported by Puerto Rican convictions. *United States v. Colon-Torres*, 382 F.3d 76, 81 n.5 (1st Cir. 2004) (career offender sentence imposed based on three Puerto Rican convictions, without the "state" issue presented); *United States v. De Jesus Mateo,* 373 F.3d 70, 73-74 (1st Cir. 2004) (same).[3]

[3] Indeed, the First Circuit has treated Puerto Rico as a "state" in numerous other contexts. *See, e.g., Fred v. Roque*, 916 F.2d 37, 38-44 (1st Cir. 1990) ("state" for purposes of sovereign immunity); *United States v. Lopez Andino*, 831

---

[3]We note without deciding that Cirino's argument presumably would apply with equal force to convictions under the laws of the District of Columbia or the Virgin Islands, neither of which are states. But the D.C. Circuit and the Third Circuit, which respectively have appellate jurisdiction of appeals from the District of Columbia and the District of the Virgin Islands, have likewise upheld enhanced sentences in cases wherein the defendants were sentenced as career offenders pursuant to U.S.S.G. §§ 4B1.1-2 on the basis of prior convictions under the laws of those districts. *See*, *e.g.*, *United States v. Thomas*, 361 F.3d 653 (D.C. Cir. 2004); *United States v. John*, 936 F.2d 764 (3d Cir. 1991).

F.2d 1164, 1168 (1st Cir. 1987) ("state" for purposes of double jeopardy); *Cordova & Simonpietri Ins. v. Chase Manhattan Bank*, 649 F.2d 36, 38 (1st Cir. 1981) ("state" for purposes of Sherman Act); *see also Mangual v. Rotger-Sabat*, 317 F.3d 45, 53 n.2 (1st Cir. 2003) (residents of Puerto Rico are protected by the First Amendment). Congress, too, has determined that Puerto Rico is to be treated as a "state" for purposes of diversity jurisdiction. 28 U.S.C. § 1332(e); *see also U.S.I. Properties Corp. v. M.D. Constr. Co.*, 230 F.3d 489, 499-500 (1st Cir. 2000) (as with states, diversity jurisdiction does not exist when Puerto Rico itself is a party). Finally, the Supreme Court has held that the test for federal preemption of Puerto Rican statutes is the same as that for state statutes. *Puerto Rico Dept. of Consumer Affairs v. Isla Petroleum Corp.*, 485 U.S. 495, 499 (1988).

**[4]** Likewise, as matter of policy, we have good reason to recognize Puerto Rican Commonwealth convictions on a par with convictions from the fifty states. The procedural protections afforded criminal defendants in the United States Constitution have been incorporated nearly verbatim into the Puerto Rican Constitution. P.R. CONST. art. II, §§ 7, 10, 11. Habeas proceedings are available in Puerto Rican courts to challenge convictions alleged to be in violation of the United States Constitution. 34 P.R. LAWS ANN. AP. II, R. 192.1 (2001). Direct review of such convictions is available in the United States Supreme Court by writ of certiorari. 48 U.S.C. § 864. Further, persons challenging a Puerto Rican conviction on the grounds that the conviction violates the United States Constitution may petition the federal District Court for the District of Puerto Rico for a federal writ of habeas corpus. *Cruz-Sanchez v. Rivera-Cordero*, 835 F.2d 947, 948 (1st Cir. 1987); *see also Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) (holding that § 1983 action was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), as habeas is the exclusive means by which to challenge collaterally an unconstitutional Puerto Rican conviction).

**[5]** In short, we see no legal or policy reason to treat Puerto Rican Commonwealth convictions any differently from the way we treat state convictions. We hold that it was not error for the district court to count Cirino's Puerto Rican convictions as "prior felony convictions" in applying Guideline § 4B1.1(a). In other words, we hold that Puerto Rico may be considered a "state" when applying Guideline § 4B1.1(a).

III.

**[6]** Although we find no error in the district court's use of Cirino's past Puerto Rican convictions in enhancing his sentence, we may remand this case for re-sentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We have recently concluded that even absent a Sixth Amendment violation, "either the defendant or the government may raise the nonconstitutional error that a sentence was erroneously imposed under guidelines believed to be mandatory." *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc). We have also concluded that the "limited remand" approach outlined in *Ameline* is "proper in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional." *United States v. Moreno-Hernandez*, No. 03-30387, 2005 WL 1560269, at *9 (9th Cir. July 5, 2005) (emphasis in original). We have queried the parties as to whether a limited remand is sought. Cirino has responded in the affirmative. Because we agree with Cirino that we are unable to determine whether the district court would have imposed the materially same sentence had it known the guidelines were advisory, we will remand Cirino's sentence in accordance with *Ameline*. *Id.*

**AFFIRMED IN PART AND REMANDED.**